UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JILLIAN FORTE,

                             Plaintiff,                19 Civ. 2970 (PAE)

          -v-

                                                            ORDER

MOUNT SINAI HEALTH SYSTEM, INC., et al.,

                           Defendants.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

       The Court is in receipt of defendant Mount Sinai's letter motion for a discovery conference, Dkt. 31, plaintiff's letter in opposition and motion to compel depositions, Dkt. 33, plaintiff's supplemental letter, Dkt. 36, Mount Sinai's opposition to plaintiff's motion to compel depositions, Dkt. 37, and Mount Sinai's reply to plaintiff's supplemental letter, Dkt. 38.

       Mount Sinai's initial letter seeks the Court's intervention to compel plaintiff to "produce her personal cell phone and laptop and provide username and password information for her iCloud, Gmail, Facebook, Twitter, and Instagram accounts" to a third party provider "for forensic imaging and document discovery." Dkt. 31 at 1. Mount Sinai has agreed to bear the cost of such discovery if it is conducted by its preferred provider. *Id.* at n.1. Additionally, Mount Sinai requests the Court's assistance in resolving a dispute over the scope of an ESI protocol. *Id.*

       Mount Sinai maintains that plaintiff has failed to disclose all responsive records from her personal devices and social media accounts, such that forensic imaging is appropriate. *Id.* at 2–3. Mount Sinai contends that these records are relevant both to plaintiff's claims of sexual

harassment by Mount Sinai's now ex-employee, defendant Silva, and to plaintiff's demand for damages for emotional distress. *Id.*

Plaintiff disagrees. Plaintiff objects to Mount Sinai's request as an inappropriate attempt to undertake a digital fishing expedition. Dkt. 33 at 2. As for Mount Sinai's complaints of incomplete production, plaintiff accuses Mount Sinai of filing a letter "riddled with false representations" and represents to the Court that plaintiff has fully complied with her discovery obligations. *Id.* at 1.

As to the scope of ESI, the Court is inclined to agree with Mount Sinai. Text messages and social media content are clearly important to the claims in this case. Indeed, plaintiff's complaint quotes extensively from text message exchanges between plaintiff and Silva. *See* Dkt. 1. And Mount Sinai asserts that many if not all of the interactions between plaintiff and Silva were consensual, *see* Dkt. 23 at 2 (joint pre-conference letter), and now seek to support this theory, in part, through text messages and other ESI evidence. The Court is therefore prepared to give Mount Sinai broad latitude to conduct ESI discovery, subject to a reasonable search protocol.

The Court further finds that, notwithstanding plaintiff's apparent objections to the contrary, *see* Dkt. 37 at 2–3, discovery concerning third parties who are referenced in plaintiff's complaint, or who have been disclosed as potential witnesses, is clearly proper. This includes electronic discovery of plaintiff's devices or online accounts for materials that refer to those individuals, or conversations between those individuals and plaintiff that may prove relevant to the issues in this case.

As to completeness of production, the Court is concerned by Mount Sinai's report that, following plaintiff's protestations of discovery compliance in her March 12th letter, Dkt. 33,

plaintiff later produced "22 pages of telephone records showing 68 calls between [p]laintiff and Silva over a six-month period" and 30 pages of additional text messages. Dkt. 38 at 1. Counsel are urged to impress upon their clients the importance of full and prompt compliance with discovery obligations.

The Court, however, declines to intervene in detail in the parties' dispute regarding the ESI protocol at this time. Plaintiff's supplemental letter, Dkt. 36, and Mount Sinai's response, Dkt. 38, suggest that some of the concerns both parties originally presented to the Court may have been overtaken by events. The Court will therefore give plaintiff until April 10, 2020, to ensure that she is in full compliance with her discovery obligations. On April 15, 2020, plaintiff and Mount Sinai are to submit a joint letter to the Court reporting, in light of the guidance in this Order, whether there remain any areas of disagreement regarding the ESI protocol. If so, the parties, in the joint letter, should neutrally describe each specific point of disagreement, followed by a short statement by each party setting forth its position and the reasons for it. To state the obvious, however, at a time when judicial resources are rightly devoted to pressing matters occasioned by the current public health emergency, the Court expects that counsel will be able to resolve all of their discovery disputes, guided by the Court's assessments above, without the need for additional judicial intervention.

Finally, plaintiff's letter seeks to "compel the depositions of a 30(b)(6) representative from Defendant Mount Sinai and of four additional third-party witnesses who will testify as to the investigation into Plaintiff's claims of sexual harassment." Dkt. 33 at 3. Mount Sinai responds that depositions should take place after written discovery is complete, and that, because it noticed plaintiff's deposition before plaintiff noticed the deposition of any of her witnesses, the deposition of plaintiff should occur first. Dkt. 37.

While the Court is disappointed that written and ESI discovery is still ongoing, the Court agrees that it should be completed in advance of the depositions so as to make them as useful as possible for all parties. The Court also agrees with Mount Sinai that, as a general proposition, depositions are taken in the order they are noticed. *See, e.g.*, *Edwin H. Morris & Co. v. Warner Bros. Pictures*, 10 F.R.D. 236, 238 (S.D.N.Y. 1950) (collecting cases). The Court encourages the parties, however, to approach this question with collegiality and mutual solicitude in an effort to most efficiently use the time that remains in fact discovery.

The parties' motion for a discovery conference is denied.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 30, 2020
       New York, New York