AKERMAN LLP
Rory J. McEvoy
Brittany A. Buccellato
Cecilia R. Ehresman
Attorneys for Defendant
666 Fifth Avenue, 20th Floor
New York, New York 10103
212.880.3800
rory.mcevoy@akerman.com
brittany.buccellato@akerman.com
cecilia.ehresman@akerman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JILLIAN FORTE, | 19 CIV 02970 (PAE) |
| Plaintiff, | **STIPULATION REGARDING DEFENDANT ST. LUKE'S' FIRST REQUEST FOR INSPECTION OF PERSONAL PROPERTY** |
| -against- | |
| MOUNT SINAI HEALTH SYSTEM, INC. and DR. DANILO DE OTAVIO ARAUJO SILVA, individually, | |
| Defendants. | |

   Defendant St. Luke's Roosevelt Hospital Center d/b/a Mount Sinai St. Luke's ("St. Luke's") and Mount Sinai West ("MSW" or "Mount Sinai West") (named herein as "Mount Sinai Health System, Inc."), by its attorneys, Akerman LLP, and Plaintiff Jillian Forte ("Plaintiff" or "Forte"), by her attorneys, Phillips & Associates, Attorneys at Law, PLLC, agree that Plaintiff will produce for inspection and copying the following items of property designed below. Inspection shall take place at the offices of Stroz Friedberg, LLC, an Aon Company, located at One Liberty Plaza, 165 Broadway #3201, New York, New York 10006, or another mutually agreed upon forensic examiner, on _____, 2020 at 10:00 a.m.

1

## **DEFINITIONS**

  A. "Stroz" shall mean Stroz Friedberg, LLC, an Aon Company, and any of its employees, agents, engineers, persons engaged by it and anyone else acting or who has acted for or on its behalf.

  B. "Computing Device" shall mean Plaintiff's personal mobile phone, and her personal laptop, and any other device used to communicate to or about Danilo De Otavio Araujo Silva or about any of the allegations in the Complaint.

  C. "Data" means any and all information stored on media that may be accessed by a Computing Device that was used to communicate to or about Danilo De Otavio Araujo Silva or about any of the allegations in the Complaint.

  D. "St. Luke's" shall mean St. Luke's Roosevelt Hospital Center d/b/a Mount Sinai St. Luke's and shall be deemed to include the following: any predecessor corporations; any agents, representatives, or employees of St. Luke's or of said predecessors; any parent, subsidiary or affiliated corporations or other entities (whether wholly or partially owned) of St. Luke's or of said predecessors; and any of the agents, representatives, or employees of such parent, subsidiary or affiliated corporations or other entities.

  E. "Defendant" shall mean St. Luke's.

  F. "Silva" shall mean co-defendant Danilo De Otavio Araujo Silva.

  G. "Plaintiff" shall mean the Plaintiff named in the Complaint.

  H. "Person" or "persons" shall mean individuals, corporations, proprietorships, partnerships, firms, associations, joint ventures, banks, any government or governmental bodies, commissions, boards or agencies, and all other legal entities, and if appropriate or indicated,

divisions, subsidiaries or departments of corporations or persons, and the principals, agents, servants or employees of the aforesaid entities.

      I.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

      J.      "You" or "your" shall mean the Plaintiff.

      K.      "Complaint" shall mean the Complaint filed in this action.

## DEMANDS FOR INSPECTION

      1.      Each Computing Device within your possession, custody, or control which was used to communicate with and/or about Defendant SILVA or about any of the allegations in the Complaint by you during the period of February 26, 2018 to the present, whether still in use or not, so that Stroz may inspect and create copies, including forensic images, of each in accordance with the ESI Inspection Protocol attached as Exhibit A.

      2.      Every agreed upon device or physical storage medium capable of storing electronic data that contains information relevant to Plaintiff's allegations in the Complaint and has been used by Plaintiff since February 26, 2018, whether still in use or not, so that Stroz may inspect and create copies, including forensic images, of each in accordance with the ESI Inspection Protocol attached as Exhibit A.

      3.      All email accounts that have been used by Plaintiff, whether still in use or not, that contain information relevant to Plaintiff's allegations in the Complaint, since February 26, 2018, excluding her current work email address, so that Stroz may inspect and create copies, including forensic images, of each in accordance with the ESI Inspection Protocol attached as Exhibit A.

4. All social media accounts, including but not limited to Plaintiff's accounts on Instagram, Twitter, LinkedIn, and/or Facebook, used by Plaintiff since February 26, 2018, whether or not they are still in use by Plaintiff so that Stroz may inspect and create copies, including forensic images, of each in accordance with the ESI Inspection Protocol attached as Exhibit A.

5. All electronic messaging services and electronic messaging applications, including but not limited to the WhatsApp, Facebook Messenger, and Instagram, used by Plaintiff since February 26, 2018, whether or not they are still in use by Plaintiff so that Stroz may inspect and create copies, including forensic images, of each in accordance with the ESI Inspection Protocol attached as Exhibit A.

6. Every username and password associated with the devices, email accounts, and social media accounts provided in response to Demands Nos. 1, 2, 3, 4, and 5.

      7.      All username and password information associated with Plaintiff's iCloud account, if any, and WhatsApp App.

Dated:      April 15, 2020
               New York, New York

| **AKERMAN LLP** | **PHILLIPS & ASSOCIATES ATTORNEYS AT LAW, PLLC** |
|---|---|
| By: _[signature]_ | By: _[signature]_ |
| Rory J. McEvoy, Esq. | Brittany A. Stevens, Esq. |
| Brittany A. Buccellato, Esq. | Katerina Housos, Esq. |
| Cecilia R. Ehresman, Esq. | Attorneys for Plaintiff |
| Attorneys for Defendant | 45 Broadway, Suite 620 |
| *St. Luke's-Roosevelt Hospital Center* | New York, New York 10006 |
| 666 Fifth Avenue | |
| New York, New York 10103 | |

**So Ordered**

_[signature]_
Paul A. Engelmayer    4/16/2020
United States District Judge

**EXHIBIT A**

**ESI PRODUCTION AND FORENSIC EXAMINATION PROTOCOL**

This Protocol will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**I.        Identification of Forensic Examiner**

Stroz Friedberg, LLC, an Aon Company ("Stroz"), has been designated as the independent forensic examiner.  Stroz will serve as a neutral examiner and as such will provide the results of this analysis to the parties as outlined in this ESI Production And Forensic Examination Protocol.

**II.        Date Range**

The following date range shall be used for collection of data in accordance with this ESI Production And Forensic Examination Protocol: February 26, 2018 through the Present.

**III.        Scope of Collection**

This ESI Production And Forensic Examination Protocol pertains solely to the parties' collection of Plaintiff's: (i) emails; (ii) social media data (including, but not limited to, Facebook, Instagram, Twitter, and/or LinkedIn); (iii) telephone call records (including, but not limited to, records of incoming, missed, and outgoing calls, and FaceTime, WhatsApp, and Skype logs); and (iv) messages, including, but not limited to, voicemails and messages, including, but not limited to, text messages, social media direct messages (including, but not limited to, Instagram and Facebook Messenger), and App messages (including, but not limited to, the WhatsApp) (collectively, "ESI").  This ESI Production Protocol is not intended to limit any party's obligations to search for, review, and produce relevant documents.

The subject ESI will be collected by Stroz and then produced using the search criteria set forth in this ESI Production And Forensic Examination Protocol. If any family member (e.g., an attachment to an email, or comments to a social media post) falls within the search criteria, the entire family will be reviewed for responsiveness and production.

Plaintiff's counsel will: (i) review the documents that fall within the search criteria for content that is subject to a claim of privilege; (ii) remove such content; and (iii) provide Defendants' counsel with a log showing the author of the document (the "from"), the recipient(s) of the document, including anyone copied or blind copied on the document (the "to"), the date, and a general description of the content, including topic discussed, in the documents that have been removed from potential production due to being subject to a claim of privilege.

Plaintiff and Defendants agree that a neutral third party, specifically Dina Jansenson ("Jansenson"), will review the remaining documents that fall within the search criteria for responsiveness and potential production. Defendants will pay Jansenson's fees associated with this review. Jansenson will provide the documents she selects for potential production to Plaintiff's counsel.

Plaintiff's counsel will review the documents and have the opportunity to object to any of the documents that Jansenson selected for production. If Plaintiff's counsel objects to any of the documents, Plaintiff's counsel and Jansenson will each provide an explanation regarding why the disputed document(s) should or should not be produced. If Defendants' counsel agrees with Plaintiff's counsel, the disputed document(s) will not be produced. If Defendants' counsel agrees with Jansenson, Defendants' counsel will raise the issue with the Court, if the parties are unable to resolve the issue.

## IV. Production of ESI

Plaintiff's counsel will produce ESI in native file format. If particular documents warrant a different format, the parties will cooperate to arrange for the acceptable production of such documents.

## V. Deduplication

Plaintiff's counsel will make a good faith effort to remove exact duplicate documents. To the extent that compiling an exception report is unduly burdensome or costly to Plaintiff's counsel, the parties agree to meet and confer in good faith.

## VI. Exception Report

Plaintiff's counsel shall compile an exception report enumerating any unprocessed or unprocessable documents, their file type and the file location.

## VII. Attachments To Emails

Plaintiff's counsel agrees that if any part of an e-mail or its attachments is responsive, the entire e-mail and attachments will be produced, except any attachments that must be withheld or redacted on the basis of privilege. The parties will meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client or work product privilege. The attachments will be produced sequentially after the parent e-mail.

The parties shall use their best efforts to collect and produce documents that are links in e-mails, including, but not limited to, Google G Suite, Microsoft O365, etc. Documents extracted from links shall be populated with the BegAttach and EndAttach metadata fields to show the family relationship.

## VIII. Text Messages

All text messages between the relevant parties will be broken down into "conversation fragments" by Stroz's Conversation Intelligence product. A conversation will be broken into a fragment where there is a one hour or more gap between text messages. Plaintiff's counsel agrees that if any text message in a "conversation fragment" is responsive, the entire "conversation fragment" will be retrieved, including inline attachments, and that only responsive text messages in a "conversation fragment" will be produced.

## IX. Documents Protected from Discovery

Documents containing privileged materials may be produced with redactions. With respect to documents containing redacted text, no text will be provided for the redacted portion.

Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a Party to seek relief for the disclosure of information protected by privilege or work product protection, regardless of the steps taken to prevent disclosure. If a Party produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not constitute a waiver of any applicable privileges or other protection, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter, and the Party receiving the privileged or protected information may not argue that the producing Party failed to take reasonable steps to prevent production of the privileged or protected materials. In such circumstances, the producing Party must promptly notify in writing the other Party to this action of the production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the produced privileged or protected information.

Upon such notification, the Parties shall treat the information as privileged or protected unless and until the Parties agree otherwise or the Court determines the information is not privileged or protected. Within ten business days of receiving such notification, all receiving Parties shall (a) return the information to the producing Party; or (b) confirm in writing to the producing Party the destruction of all such information, including all later created excerpts, summaries, compilations, and other documents or records that include, communicate or reveal the information claimed to be privileged or protected.

### X.     Metadata

Plaintiff shall produce the following metadata associated with ESI to the extent reasonably accessible: (a) the date the ESI was created; (b) the date(s) the ESI was modified, if any; and (c) the date(s) the ESI was uploaded, downloaded, or otherwise transferred, if any.

### XI.    Undue Burden

If Jansenson finds that the search terms or searches have resulted in too many hits, she will inform counsel for Plaintiff and Defendants.  The parties will agree to propose alternative search terms or searches, which may include narrowing the scope of the search terms or including a tighter proximity search between search terms.  If the parties cannot agree on an alternative, the parties will meet and confer regarding the issue, and failing resolution, the parties will seek Court intervention.

### XII.   Search Terms

Stroz will use the following search terms to produce potentially relevant ESI for Plaintiff's counsel's review:

**SOCIAL MEDIA SEARCHES:**

1. All content posted on any of Plaintiff's social media accounts from March 1, 2018 to the present referencing:

    a. The emotional distress allegedly suffered as a result of the treatment alleged in the Complaint;

    b. The treatment she received in connection with the incidents alleged in the Complaint (e.g., references to a diagnosable condition or visits to medical professionals); and

    c. Alternative potential stressor(s) other than the treatment alleged in the Complaint

2. All content posted on any of Plaintiff's social media accounts from May 11, 2018 to May 18, 2018; June 1, 2018 to June 16, 2018; July 3, 2018 to July 10, 2018; and November 20, 2018 to December 1, 2018 reflecting:

    a. Any emotion, feeling, or mental state of Plaintiff; and

    b. Plaintiff's social activities

3. Content posted, sent, or received, on any of Plaintiff's social media accounts and messengers associated with Plaintiff's social media accounts between March 1, 2018 and the present containing the terms Silva OR Danilo OR (Mr. w/2 Brazil)

**GENERAL SEARCHES:**

1. 646-599-6675

2. (Silva OR Danilo) AND (forc! OR kiss! OR touch! OR genital! OR groin OR dick! OR masturbate! OR rumor! OR schedule! OR shift! OR vacation! OR restaurant! OR dinner! OR bar! OR drink! OR birthday OR gift!)

3. (Danilo OR Silva OR (Mr. w/2 Brazil) AND clinic! OR "PA" OR "PAs" OR (Physician /2 Assistant!) OR (Operating /2 Room!) OR "OR" OR sex! OR harass! OR assault! OR sue! OR law! OR boyfriend OR date! OR dating OR Brazil OR (Human /2 resources) OR "HR" OR (Labor /2 relations) OR trap! OR office! OR complain! OR investigat! OR suspen! OR terminat! OR resign! OR probation! OR boss! OR supervisor! OR discriminat! OR hostile OR (work /2 environment) OR Probation! OR (PJ w/2 Clarkes))

4. (Mount /2 Sinai) OR (Sinai /2 West) OR (St. w/2 Luke's) OR MSW) AND sex! OR harass! OR assault! OR sue! OR law! OR boyfriend OR date! OR dating OR Brazil OR (Human /2 resources) OR "HR" OR (Labor /2 relations) OR trap! OR office! OR complain! OR investigat! OR suspen! OR terminat! OR resign! OR probation! OR boss! OR supervisor! OR discriminat! OR hostile OR (work /2 environment) OR Probation! OR (PJ w/2 Clarkes))

11

**SPECIFIC SEARCHES**

Caryn Tiger-Paillex

1. (Caryn OR Tiger OR (Tiger /2 Paillex) OR "Tiger-Paillex
2. (Caryn OR Tiger OR (Tiger /2 Paillex) OR "Tiger-Paillex") AND Silva
3. (Caryn OR Tiger OR (Tiger /2 Paillex) OR "Tiger-Paillex") AND **General Search 2**
4. (Caryn OR Tiger OR (Tiger /2 Paillex) OR "Tiger-Paillex") AND **General Search 3**
5. (Caryn OR Tiger OR (Tiger /2 Paillex) OR "Tiger-Paillex") AND **General Search 4**


Clarissa Jones-Winter

1. (Clarissa OR (Jones /2 Winter) OR Jones-Winter OR "Jones Winter"))
2. (Clarissa OR (Jones /2 Winter) OR Jones-Winter OR "Jones Winter")) AND Silva
3. (Clarissa OR (Jones /2 Winter) OR Jones-Winter OR "Jones Winter")) AND **General Search 2**
4. (Clarissa OR (Jones /2 Winter) OR Jones-Winter OR "Jones Winter")) AND **General Search 3**
5. (Clarissa OR (Jones /2 Winter) OR Jones-Winter OR "Jones Winter")) AND **General Search 4**
6. (Clarissa OR (Jones /2 Winter) OR Jones-Winter OR "Jones Winter")) AND boyfriend AND (Jillian or Forte)


Leslie Schlachter

1. (Leslie OR (Leslie /2 Schlachter) OR Schlachter)
2. (Leslie OR (Leslie /2 Schlachter) OR Schlachter) AND Silva
3. (Leslie OR (Leslie /2 Schlachter) OR Schlachter) AND **General Search 2**
4. (Leslie OR (Leslie /2 Schlachter) OR Schlachter) AND **General Search 3**
5. (Leslie OR (Leslie /2 Schlachter) OR Schlachter) AND **General Search 4**


Magdalena Rakvin

1. (Magdalena OR Maggie OR (Maggie /2 Ravkin) OR (Magdalena /2 Rakvin) OR Rakvin)
2. ((Magdalena OR Maggie OR (Maggie /2 Ravkin) OR (Magdalena /2 Rakvin) OR Rakvin) AND Silva
3. (Magdalena OR Maggie OR (Maggie /2 Ravkin) OR (Magdalena /2 Rakvin) OR Rakvin) AND **General Search 2**
4. (Magdalena OR Maggie OR (Maggie /2 Ravkin) OR (Magdalena /2 Rakvin) OR Rakvin) AND **General Search 3**
5. (Magdalena OR Maggie OR (Maggie /2 Ravkin) OR (Magdalena /2 Rakvin) OR Rakvin) AND **General Search 4**

Saadi Ghatan

1. (Saadi OR (Saadi /2 Ghatan) OR Ghatan)
2. (Saadi OR (Saadi /2 Ghatan) OR Ghatan) AND Silva
3. (Saadi OR (Saadi /2 Ghatan) OR Ghatan) AND **General Search 2**
4. (Saadi OR (Saadi /2 Ghatan) OR Ghatan) AND **General Search 3**
5. **(**Saadi OR (Saadi /2 Ghatan) OR Ghatan) AND **General Search 4**

Maria Coello

1. (Maria OR (Maria /2 Coello) OR Coello)
2. (Maria OR (Maria /2 Coello) OR Coello) AND Silva
3. (Maria OR (Maria /2 Coello) OR Coello) AND **General Search 2**
4. (Maria OR (Maria /2 Coello) OR Coello) AND **General Search 3**
5. (Maria OR (Maria /2 Coello) OR Coello) AND **General Search 4**

Cassandra LaRossa

1. (Cass! OR (Cass! /2 LaRossa) OR LaRossa) AND Silva
2. (Cass! OR (Cass! /2 LaRossa) OR LaRossa) AND **General Search 2**
3. (Cass! OR (Cass! /2 LaRossa) OR LaRossa) AND **General Search 3**
4. (Cass! OR (Cass! /2 LaRossa) OR LaRossa) AND **General Search 4**

Jessica Diaz

1. (Jess! OR (Jess! /2 Diaz) OR Diaz) AND  Silva
2. (Jess! OR (Jess! /2 Diaz) OR Diaz) AND  **General Search 2**
3. (Jess! OR (Jess! /2 Diaz) OR Diaz) AND  **General Search 3**
4. (Jess! OR (Jess! /2 Diaz) OR Diaz) AND **General Search 4**

Lauren McNoble

1. (Lauren OR (Lauren /2 McNoble) OR McNoble) AND Silva
2. (Lauren OR (Lauren /2 McNoble) OR McNoble) AND **General Search 2**
3. (Lauren OR (Lauren /2 McNoble) OR McNoble) AND **General Search 3**
4. (Lauren OR (Lauren /2 McNoble) OR McNoble) AND **General Search 4**

Nathanial Rodriguez

1. (Nathan! OR (Nathan! /2 Rodriguez) OR Rodriguez) AND Silva
2. (Nathan! OR (Nathan! /2 Rodriguez) OR Rodriguez) AND **General Search 2**
3. (Nathan! OR (Nathan! /2 Rodriguez) OR Rodriguez) AND **General Search 3**
4. (Nathan! OR (Nathan! /2 Rodriguez) OR Rodriguez) AND **General Search 4**


Matthew Carrozzo

1. (Matt! OR (Matt! /2 Carrozzo) OR Carrozzo) AND Silva
2. (Matt! OR (Matt! /2 Carrozzo) OR Carrozzo) AND **General Search 2**
3. (Matt! OR (Matt! /2 Carrozzo) OR Carrozzo) AND **General Search 3**
4. (Matt! OR (Matt! /2 Carrozzo) OR Carrozzo) AND **General Search 4**


Jacquelyn Forte

1. (Jac! OR Mom! OR (Jac! /2 Forte)) AND Silva
2. (Jac! OR Mom! OR (Jac! /2 Forte)) AND **General Search 2**
3. (Jac! OR Mom! OR (Jac! /2 Forte)) AND **General Search 3**
4. (Jac! OR Mom! OR (Jac! /2 Forte)) AND **General Search 4**